1  RONALD I. RAETHER, JR. (SBN 303118)
   ronald.raether@troutman.com
2  TROUTMAN SANDERS LLP
   5 Park Plaza, Suite 1400
3  Irvine, CA  92614-2545
   Telephone:     949.622.2700
4  Facsimile:     949.622.2739

5  MARK C. MAO (SBN 236165)
   mark.mao@troutman.com
6  SHEILA M. PHAM (SBN 293673)
   sheila.pham@troutman.com
7  TROUTMAN SANDERS LLP
   580 California Street, Suite 1100
8  San Francisco, California  94104
   Telephone:     415.447.5700
9  Facsimile:     415.447.5710

10 Attorneys for Defendant
   CLARITY SERVICES, INC.
11

12                         UNITED STATES DISTRICT COURT

13                        NORTHERN DISTRICT OF CALIFORNIA

14

15 | JOYCE BENTON, individually and on behalf of all persons similarly situated, | Case No.
16 | | **DEFENDANT CLARITY SERVICES, INC.'S NOTICE OF REMOVAL**
17 | Plaintiff, |
18 | v. |
19 | CLARITY SERVICES, INC., and DOES 1 through 50, inclusive, |
20 | Defendant. |

NOTICE OF REMOVAL OF ACTION

TO THE CLERK OF THE UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA:

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1331, and 1441, and 1446 defendant Clarity Services, Inc. ("Clarity") respectfully notices the removal of the above-captioned action to the United States District Court for the Northern District of California from the Superior Court of the State of California, County of Alameda. The grounds for removal are as follows:

1.  On September 30, 2016, Joyce Benton ("Plaintiff") commenced an action in the Superior Court of the State of California in and for the County of Alameda entitled *Joyce Benton, individually and on behalf of all persons similarly situated, v. Clarity Services, Inc.* Case No. RG16833457 (the "State Court Action"). In accordance with 28 U.S.C. § 1446(a), attached hereto as **Exhibit A**, is a complete copy a copy of all process, pleadings, and orders served upon the defendant in such action, as well as Plaintiff's written discovery responses.

2.  The Complaint alleges that Clarity violated the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA"), (1) by furnishing consumer reports, including consumers' private information, to entities that did not have a permissible purpose to access consumer reports; (2) by failing to administer and maintain a proper notification system, including a toll-free number, that consumers could use to opt out of pre-screened offers of credit, thereby rendering each consumer report Clarity furnishes on consumers for pre-screen purposes an alleged violation of the FCRA; (3) by failing to establish and maintain a joint notification system with other consumer reporting agencies allowing consumers to opt out of pre-screened offers of credit, thereby rendering each consumer report Clarity furnishes on consumers for pre-screen purposes an alleged violation of the FCRA; and (4) by failing to identify sources of information in its responses to consumer file disclosure requests pursuant to § 1681g. *See* Compl., ¶¶ 76(a), (b) and (c); *See* Second Amended Complaint ("SAC"), ¶¶ 3, 5, 53 114, 115, 123, 130, 131.

3.  Clarity previously removed this case on November 14, 2016. *See Benton v. Clarity Services, Inc.,* Case No. 3:16-cv-06583-MMC, (Dkt. No. 1) (N.D. Cal. 2016). On January 24, 2016, in response to Plaintiff's Motion to Remand, the Court remanded this case, concluding

- 1 -   NOTICE OF REMOVAL OF ACTION

1  that based on the allegations in the Complaint, a number of Plaintiff's claims were in the nature of
2  a "bare procedural violation, divorce from any concrete harm." *Id.* at Dkt. No. 29. As a result,
3  the Court severed the case. It retained one claim, finding that Plaintiff's allegations that she
4  "'suffered a violation of [her] right to privacy' as a result of such allegedly wrongful disclosure"
5  were sufficient to support standing. As to the remaining claims, the Court remanded them to
6  State Court because it found that the allegations in Plaintiff's Complaint did not sufficiently state
7  an "injury-in-fact" required to establish Article III standing.

8      4.    Plaintiff's subsequent admissions in discovery have demonstrated that she has
9  suffered an injury-in-fact sufficient to confer standing under Article III of the United States
10 Constitution. She has claimed that Clarity's improper conduct resulted in an invasion of her
11 privacy and a denial of information to which she and other purported class members are entitled
12 for free, all of which led to the unauthorized disclosure of her private information, which caused
13 her to receive unauthorized pre-offers of credit. In other words, the claims made in the state
14 action now being removed allegedly resulted in the same harm that this Court determined
15 satisfied the Article III standing requirements for the § 1681b(c) claim.

16     5.    As such, this case is now properly removable. Clarity's grounds for removal are
17 stated as follows:

**THE PARTIES**

19     6.    Upon information and belief, Plaintiff is an adult resident of Alameda County,
20 California.

21     7.    Clarity was at the time the State Court Action was commenced, and currently is, a
22 corporation organized and existing under the laws of Delaware. Clarity's corporate headquarters
23 are located in Florida.

**THE STATE COURT ACTION AND RELATED PROCEDURAL HISTORY**

26     8.    After receiving a copy of the Complaint through an authorized agent of process on
27 October 13, 2016, Clarity initially removed the case to this Court. *See Benton v. Clarity Services,*
28 *Inc.,* Case No. 3:16-cv-06583-MMC (Dkt. No. 1).

- 2 -    NOTICE OF REMOVAL OF ACTION

9. On December 13, 2016, Plaintiff filed a Motion to Remand arguing that Clarity could not show that Plaintiff had Article III standing to bring her claim in federal court. *Id.* at Dkt. No. 22. The Court granted Plaintiff's Motion to Remand in part and denied it in part. *Id.* at Dkt. No. 29. In doing so, the Court severed the claims for which it found standing from those allegations for which it found insufficient concrete harm at that time.

10. Specifically, the Court remanded Plaintiff's claims under 15 U.S.C. § 1681b(e) and § 1681g to Alameda County. *Id.* In its Order, the Court found that Plaintiff's allegations in support of her claims under § 1681b(e)(5)(A), § 1681e(a), and § 1681g only alleged a "bare procedural violation, divorced from any concrete harm." *Id.* Thus, the Court concluded that the allegations in Plaintiff's Complaint did not sufficiently state an "injury-in-fact" required to establish Article III standing.

11. After a portion of the case was severed and remanded to the State Court, Plaintiff filed a First Amended Complaint on March 17, 2017. Clarity filed a Demurrer. A copy of the First Amended Complaint is attached hereto as **Exhibit A-16** and Clarity's Demurrer is attached hereto as **Exhibit A-27**.

12. In her opposition to Clarity's Demurrer, Plaintiff argued that the FCRA provides "important privacy protections for consumers" and "protects consumers against the rampant sale of their personal information by consumer reporting agencies." (*See* Plaintiff's Opp., p. 1, a copy of which is attached hereto as **Exhibit A-46**).

13. Clarity's Demurrer was sustained in part and denied in part on June 13, 2017.

14. Thereafter, Plaintiff filed the SAC on July 3, 2017. A copy of the SAC is attached hereto as **Exhibit A-58**.

15. In her SAC, Plaintiff significantly enhances her allegations against Clarity and adds multiple new theories of liability. Plaintiff alleges the following:

    a. "Clarity has been indiscriminately disclosing consumers' private information to unlicensed payday lenders." (SAC ¶ 3);

    b. "Consumers whose personal information has been obtained by Clarity are supposed to be protected by the FCRA." (SAC ¶ 4);

- 3 -         NOTICE OF REMOVAL OF ACTION

      c.    "Clarity sells private consumer information to unlicensed, online, and foreign companies or tribal entities that operate without regard for the laws that protect consumers in lending and debt collection." (SAC ¶ 10);

      d.    Through its actions, Clarity is "trading in [Plaintiff's] personal information" without following the FCRA. (SAC ¶ 11);

      e.    Clarity has not established a legally sufficient notification system that allows consumers to be excluded from pre-screened lists and, thereby, prevent the disclosure of their personal information for pre-screening purposes to unlicensed, predatory lenders. (SAC ¶¶ 40, 52).

      f.    "[A] consumer cannot use the ease of this 800 number to opt-out because Clarity has failed to join this 800 number even though it is a consumer reporting agency that compiles and maintains public record and credit information in files on consumers on a nationwide basis." (SAC ¶ 57);

      g.    "A basic component of a consumer's right to privacy is the interest in controlling the dissemination of personal information. A consumer cannot control the dissemination of personal information unless he or she can readily prevent consumer reporting agencies from including their information on 'pre-screened' lists or know those persons or entities that are the sources of information maintained by consumer reporting agencies." (SAC ¶ 63);

      h.    "Clarity, however, failed to disclose the source of the information for each particular type of personal information listed in Plaintiff's consumer file disclosure, including the name of the person or entity who provided the information to Clarity, the name of the person or entity from whom Clarity obtained the information or the name of the person or entity who obtained or originated the information as a part of a transaction with Plaintiff." (SAC ¶ 94).

      i.    By failing to disclose the "sources of the information" to consumers, Clarity impedes consumers' ability to dispute information in their file and trigger a

consumer reporting agency's obligation to reinvestigate consumer information. (SAC ¶¶ 66-68).

j.   Clarity also violates sections 1681g and 1681j "because Clarity is an NCRA that does not provide the free annual file disclosures through the centralized source required by section 1681j." (SAC ¶ 131).

16.   While the parties litigated the viability of Plaintiff's claims in the State Court Action, the parties also engaged in written discovery. During discovery, Clarity served Form Interrogatories, Special Interrogatories, Requests for Admission and Requests for Production on Plaintiff.

17.   Plaintiff served her initial responses to Clarity on June 20, 2017. A copy of Plaintiff's initial responses are attached hereto as **Exhibit B.** In Request for Admission No. 27, Clarity requested Plaintiff "[a]dmit that [she] has suffered actual damages of at least one U.S. Dollar ($1.00), exclusive of attorneys' fees and costs, for the violations of the Fair Credit Reporting Act alleged in the Amended Complaint." Plaintiff avoided the actual harm issue by stating that Clarity's request for admission regarding her actual damages was "not relevant or reasonably calculated to lead to the discovery of admissible evidence" and that she was "unable to admit or deny this request" because "whether she suffered actual damages . . . is not yet known."

18.   Moreover, despite the fact that the Court remanded the case to State Court because it initially found allegations of only a "bare procedural violation, divorced from any concrete harm," Plaintiff refused to disclaim that she had suffered actual injury. But, at the same time, she also refused to disclose those injuries. In her responses to Clarity's Form Interrogatories, she stated that "Plaintiff does not disclaim that she suffered actual damages, but the valuation of Plaintiff's actual damages is the subject of expert testimony, which does not need to be disclosed at this time." (Response to Form Interrogatory 17.1 ¶ 27, attached hereto as **Exhibit B**).

19.   In response to a Meet and Confer letter regarding the deficiency of her responses, Plaintiff served supplemental responses on August 16, 2017. A copy of Plaintiff's supplemental responses are attached hereto **Exhibit C.**

20. In her supplemental responses, Plaintiff finally admitted that she suffered actual damages "in excess of $1." *See* Plf's Supp. Resp. to Request No. 27. Thus, Plaintiff has admitted in discovery that she has suffered concrete harm as a result of Clarity's alleged FCRA violations.

21. This admission supports Clarity's position on removal that this Court has Article III jurisdiction because it shows that Plaintiff claims Clarity's alleged conduct, including that outlined above, caused real, actual, and concrete harm resulting in an injury-in-fact.

22. Accordingly, this Notice of Removal, filed within the thirty-day period prescribed by 28 U.S.C. § 1446, is timely. *See* 28 U.S.C. 1446(b)(3) ("Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.").

## THIS COURT'S REMOVAL JURISDICTION

23. Title 28 U.S.C. § 1441(a) and (c) and Title 28 U.S.C. § 1331 provide the basis for removal jurisdiction to this Court. Plaintiff claims that Defendant violated the FCRA, which is a federal law. Therefore, this Court has original federal jurisdiction under 28 U.S.C. § 1331 and 15 U.S.C. § 1681p. *See Rand v. Citibank, N.A.,* 2015 U.S. Dist. LEXIS 14695, at *4 (N.D. Cal. Feb. 6, 2015) (Court has federal question jurisdiction over the FCRA claims under 28 U.S.C. § 1331).

24. This Court has original federal question jurisdiction over the State Court Action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p of the Fair Credit Reporting Act ("FCRA"), which gives the District Court jurisdiction to hear civil actions related to liability under the statute. This basis for jurisdiction is consistent with general federal question jurisdiction under 28 U.S.C. § 1331, which gives the District Court jurisdiction over actions arising under the laws of the United States.

25. This Court also has subject matter jurisdiction over the State Court Action because of the existence of federal question jurisdiction and because Plaintiff has Article III standing. *See generally, Spokeo, Inc. v. Robins,* 136 S. Ct. 1540 (2016). In order for a plaintiff to have Article

III standing, a plaintiff must have "(1) suffered an injury in fact; (2) that is fairly traceable to the challenged conduct of the defendant; and (3) that is likely to be redressed by a favorable judicial decision." *See Lujan v. Defenders of Wildlife,* 504 U.S. 55, 560-61 (1992). In addition, to establish an injury-in-fact, a plaintiff must show that she suffered "'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Spokeo Inc.,* 136 S. Ct. at 1548 (quoting *Lujan,* 504 U.S. at 560)).

26. In addition, a defendant "who fails in an attempt to remove on the initial pleadings can file a removal petition when subsequent pleadings or events reveal a new and different ground for removal." *Kirkbride v. Continental Casualty Co.,* 933 F.2d 729, 732 (9th Cir. 1991).

27. Here, Clarity removes the State Court Action on the new ground that Plaintiff has now demonstrated that she has Article III standing as a result of her admission of actual damages resulting from Clarity's conduct in her supplemental discovery responses. Her admission of actual damages shows that Clarity's alleged violations of the FCRA caused her to suffer a concrete and particularized injury-in-fact. *See, e.g., Nokchan v. Lyft,* 2016 U.S. Dist. LEXIS 138582, at *9 (N.D. Cal. Oct. 5, 2016) ("procedural violations that have resulted in real harm" may be sufficient to meet the concrete injury requirement.); *see also Abante Rooter & Plumbing v. Pivotal Payments, Inc.,* 2017 U.S. Dist. LEXIS 26457 (N.D. Cal. Feb. 24, 2017) ("Article III requirements for an injury-in-fact do not contain a minimum cost or harm threshold"). Indeed, regardless of how small the harm is, here it is actual, concrete, and real. *Id.; see also Untied States v. Students Challenging Regulatory Agency Procedures (SCRAP),* 412 U.S. 669, 689, n.14 (1973) ("an identifiable trifle is enough to fight out a question of principle"); *Hawkins v. Kellogg Co.,* 224 F. Supp. 3d 1002, 1010 (S.D. Cal. Dec. 13, 2016) (Injury-in-fact is not an "exceptionally high threshold. An injury may be minimal.").

28. The timing requirements of 28 U.S.C. § 1446(b) have been satisfied in that this Notice of Removal has been filed with this Court within thirty (30) days after receipt of Plaintiff's Supplemental Responses to Clarity's Requests for Admission. *Steiner v. Horizon Moving Sys. Inc.,* 568 F. Supp. 2d 1084, 1087 (C.D. Cal. 2008) (defendant may remove under "other paper"

1  provision of 1446(b) based on plaintiff's discovery responses). The time for filing this Notice of
2  Removal has not expired under 28 U.S.C. § 1446(b)(3).

3      29.    The United States District Court for the Northern District of California, San
4  Francisco/Oakland Division is the appropriate court to which this action should be removed
5  because this district is the district embracing actions filed in the Superior Court of the State of
6  California, County of Alameda. *See* Local Civ. R. 3-2.

7      30.    A true and correct copy of this Notice of Removal is being served upon Plaintiff as
8  required by law under 28 U.S.C. § 1446(d).

9      31.    A true and correct copy of this Notice of Removal is also being filed promptly
10 with the Clerk of the Superior Court of the State of California, County of Alameda, in accordance
11 with 28 U.S.C. § 1446(d). A copy of the Notice of Filing of Notice of Removal (without its
12 exhibit), is attached hereto as **Exhibit D.**

13     32.    Clarity does not need the consent of the John Doe defendants to remove this
14 action. *See Green v. America Online,* 318 F.3d 465, 470 (3d Cir. 2003) (the general rule that all
15 defendants must join in a notice of removal may be disregarded where, as here, the non-joining
16 defendants are unknown.)

17     33.    If any questions arise as to the propriety of the removal of this action, Clarity
18 requests the opportunity to present a brief and argument in support of its position that this case is
19 removable.

20     This Notice of Removal is presented for the purpose of establishing jurisdiction only.
21 Nothing herein shall constitute an admission as to any of the allegations of liability in the
22 Complaint, including whether Plaintiff is entitled to bring this case as a class action or recover
23 any relief whatsoever as a result of her claims.

24 ///

25 ///

26

27 ///

28

- 8 -    NOTICE OF REMOVAL OF ACTION

WHEREFORE, Clarity hereby removes this action, currently pending in the Superior Court of the State of California, County of Alameda, to the United States District Court for the Northern District of California.

Dated: September 15, 2017

Respectfully submitted,

TROUTMAN SANDERS LLP

By: */s/ Mark C. Mao*
    Ronald I. Raether, Jr.
    Mark C. Mao
    Sheila M. Pham

Attorneys for Defendant
CLARITY SERVICES, INC.